UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ARJUN KAUL, M.D.,

                Plaintiff,

-v-

CHRISTOPHER J. CHRISTIE, ESQ., *et al.*,

                Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/19/16
```

No. 16-cv-1346 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff, a purported medical doctor who resides in New Jersey, brings this sprawling *pro se* action under various federal civil and criminal statutes and state tort law against the State of New Jersey, nearly four dozen other defendants that include the Governor and other government officials, doctors, lawyers, banks, insurance companies, and colleges located in New Jersey, and approximately 200 unidentified individuals and companies. Citing Defendants' residences and the fact that the alleged events giving rise to Plaintiff's claims took place primarily in the District of New Jersey, the Court issued an order on March 17, 2016 notifying the parties of the Court's intention to transfer this case to that district, pursuant to 28 U.S.C. § 1404(a), absent good cause shown by any party by March 31, 2016. (Doc. No. 3.) Only Plaintiff has opposed transfer. (Doc. No. 14.) For the reasons that follow, the Court transfers this case to the United States District Court for the District of New Jersey.

    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a

case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *see also Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) ("The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court."). Moreover, "[c]ourts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404," generally after giving the parties "'notice and an opportunity to be heard.'" *Benjamin v. City of New York*, No. 15-cv-2220 (KPF), 2015 WL 1632459, at *1 (S.D.N.Y. Apr. 13, 2015); *see also* 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3844 (4th ed.) ("The language of [28 U.S.C. § 1404(a)] is broad enough that a district court can order transfer on its own initiative.").

"[C]ourts may consider the following non-exclusive factors in deciding whether a transfer is warranted: (1) the convenience of the witnesses and the availability of process to compel the attendance of unwilling witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the relative means of the parties; (6) the comparative familiarity of each district with the governing law; (7) the weight accorded to the plaintiff's choice of forum; and (8) judicial economy and the interests of justice." *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors); *D.H. Blair*, 462 F.3d at 106–07 (same). These factors, to the extent applicable here, support transfer to the District of New Jersey. To begin with, the Court accords little weight to Plaintiff's choice of the Southern District of New York because his "residence and the locus of operative facts are not in the selected forum." *Krulisky v. Bristol-Myers Squibb Co.*, No. 10-cv-8700 (DLC), 2011 WL 2555963, at *2 (S.D.N.Y. June 27, 2011) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71–72 (2d Cir. 2001)). In addition, the

convenience of the witnesses and the parties, the availability of process to compel testimony, the location of relevant documents and sources of proof, and the locus of operative facts all strongly favor transfer of this action to the District of New Jersey. Indeed, Plaintiff and nearly all of the forty-six named defendants reside in the State of New Jersey, which is itself a defendant. (Compl. at p. 1 and ¶¶ 12–54.) Moreover, the alleged wrongful conduct appears to involve, almost exclusively, New Jersey residents acting in New Jersey, where Plaintiff maintained a medical practice that is central to his case. As Plaintiff himself asserts:

> [Plaintiff] brings this case against a powerful combination of New Jersey physicians, lawyers, healthcare systems, insurance companies and a [now former] 2016 US Presidential candidate. The central thrust of this case originates in the collusion and conspiracy of the named defendants to destroy [Plaintiff's] reputation and global business interests as a consequence of the financial threat his successful practice presented to their own commercial interests. . . . The defendants conducted themselves in a corrupt manner with the exchange of bribes, political favors and a perversion of the legislative process to further their own business agendas.

(Compl. ¶¶ 69–70.) Thus, the § 1404(a) factors weigh heavily in favor of transferring venue to the District of New Jersey. *See Anderson v. City of New York*, No. 13-cv-4628 (DLC), 2014 WL 1378121, at *2 (S.D.N.Y. Apr. 8, 2014) (transferring an action where "the parties d[id] not dispute that th[e] action would have been properly filed in the Eastern District[ of New York], that plaintiff reside[d] in the Eastern District, and that the 'locus of operative facts' [wa]s the Eastern District," and "there appear[ed] to be little 'bona fide connection . . . to the forum of choice'" (citing *Iragorri*, 274 F.3d at 72)). Finally, the Court finds the reasons offered by Plaintiff in opposition to transfer – including Plaintiff's allegations of sporadic negative media coverage of Plaintiff's medical practice and Defendant Christopher Christie's supposed "wan[ing]" but "still significant" "influence" over the United States District Court for the District of New Jersey (*see* Doc. No. 14 at 2–3) – to be insignificant or without merit.

3

For the foregoing reasons, the Court concludes that venue is proper in the District of New Jersey, *see* 28 U.S.C. § 1391(b), and that it is in the interest of justice to transfer this action to that district, *see* 28 U.S.C. § 1404(a). Accordingly, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey and to close this case.

SO ORDERED.

Dated:   April 19, 2016
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE